Christina Harper, Esq., AZB #020485
Alex Schulz, Esq., AZB #028480
THE MORTGAGE LAW FIRM, PC
301 E. Bethany Home Road, #A-227
Phoenix, AZ 85012
Telephone: (623) 777-3828
Fax: (623) 201-4747
Christina.Harper@mtglawfirm.com
Alex.Schulz@mtglawfirm.com
Attorneys for Movant
TS #122901

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathan B. Woods,<br><br>Debtor. | Case No. 2:12-bk-13564-PS<br>Chapter 13<br><br>**RESPONSE TO DEBTOR'S REQUEST TO ENLARGE TIME FOR WRITTEN OBJECTIONS** |
| Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP, by its attorney-in-fact Carrington Mortgage Services, LLC,<br><br>Movant,<br><br>v.<br><br>Johnathan B. Woods, Debtor; and Russell Brown, Trustee,<br><br>Respondents. | Re: Real Property Located at<br>3930 East Cody Avenue<br>Gilbert, AZ 85234 |

Bank of America, N.A ("Movant") is the Owner of this property as the result of a trustee's sale over five years ago. Through Debtor filing his third meritless request to extend the time to object to the Motion for Relief, Debtor is continuing to use the courts to stall an eviction proceeding. Two previous Motions for Relief from Stay were filed, in which Debtor

1

filed a similar request to extend the response deadline (2nd request was denied by the Court) and he also filed Objections to both the prior MFRs. Debtor is required to follow the procedural rules and he failed to timely file an Objection by the deadline of October 19, 2015. Debtor failed to do so and Movant requests that the Court find there is no cause to extend the deadline, deny the request and grant Movant's Motion for Relief.

**I. Statement of Facts**

1. On February 16, 2010, prior to Jonathan B. Woods ("Debtor") filing for bankruptcy protection, the Property proceeded to non-judicial foreclosure and was placed for trustee's sale by auction ("trustee's sale"). At that time, BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP bid the loan amount and received title to the property by a Trustee's Deed Upon Sale ("Trustee's Deed"), which was signed on February 17, 2010, and recorded in the Maricopa County Recorder's Office on February 22, 2010, as Document No. 20100142541.

2. On July 17, 2012, a Motion for Relief from Stay ("MFR 1") was filed by Movant in which Movant sought relief from the automatic bankruptcy stay to proceed with a forcible entry and detainer action in state court. See Docket Entry #21.

3. On July 31, 2014, Debtor filed Debtor's Request to Enlarge Time for Written Objections ("Request 1"). See Docket Entry #29.

4. On August 13, 2012, Debtor filed a Complaint in Adversary Case 2:12-ap-01463 against Movant claiming it was not the owner of the Property. The Court granted Movant's Motion to Dismiss and the Adversary Case was dismissed with prejudice.

5. On May 7, 2014, a Motion for Relief from Stay ("MFR 2") was filed by Movant in which Movant sought relief from the automatic bankruptcy stay to proceed with a forcible entry and detainer action in state court. See Docket Entry #44. This was supported by a Declaration by Movant that it is the Owner of the Property. See Docket Entry #45.

6. On May 21, 2014, Debtor filed Debtor's Request to Enlarge Time for Written Objections pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) ("Request 2"), in which Debtor states "Since Movant did not seek emergency relief and this property is my family residence, this court's "LOCAL RULES OF BANKRUPTCY PROCEDURE" 4001-1(b) mandates with its motion Movant was required to file a "Residential Property Pre-Filing Certification." See Docket Entry #47.

7. On May 23, 2014, this Court, by the Honorable Sarah S. Curley, issued an Order Denying Debtor's Request to Enlarge Time for Written Objections. The Order denies Debtor's First Request and states Local Rule 4001-1(b) "provides that the failure to include this certification may affect the inclusion of attorney's fees as part of the secured debt or as part of the allowed claim. Therefore, while the failure to include the certification may affect the Movant's attorney fees, it does not warrant delay in resolution of this matter." See Docket Entry #48.

8. On July 25, 2014, Debtor filed an Objection to MFR 2. See Docket Entry #54.

9. On November 12, 2014, Movant withdrew MFR 2. See Docket Entry #71.

10. On September 29, 2015, Movant filed a Motion for Relief from the Automatic Stay ("MFR 3") in which Movant sought relief from the automatic bankruptcy stay to proceed with a forcible entry and detainer action in state court. See Docket Entry #79.

3

11. On October 13, 2015, Debtor filed Debtor's Request to Enlarge Time for Written Objections pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) ("Request 3"). This is pleading is essentially the same as Debtor's First Request. See Docket Entry #81.

## II. <u>Argument</u>

### A. No Cause Shown To Enlarge Response Time.

Debtor requests an additional 30 days from some future date of Movant sending the 4001-1(b) notice to object to Movant's MFR 3. Federal Rule of Bankruptcy Procedure 9006(b)(1) states,

> …when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed…

Debtor's Request 2, which was denied by this Court, is substantially similar to Debtor's Request 3. Debtor's only additional argument in the Request 3 is that Movant failed to inform the Court that Debtor filed an appeal with the Ninth Circuit Court of Appeals. This, however, is not cause to enlarge the period of time to file an objection in this case as the two cases are independent of each other. The appeal relates to pre-trustee's sale issues and here Movant is seeking stay relief to proceed with an eviction. There is no evidence that there is a stay pending the appeal. Additionally, co-Defendant and loan originator Taylor Bean & Whitaker ("TBW") filed a Chapter 11 bankruptcy case currently pending in the Middle District of Florida as Case No. 3:09-bk-07047-JAF. On July 21, 2011, the Bankruptcy Court entered its Order Confirming Third Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors (the "Confirmation Order"). The Confirmation Order

4

permanently enjoins all Persons from ". . . (i) commencing or continuing in any manner any action or other proceeding of any kind. . ." Any attempt to proceed with the appeal maybe a violation of the automatic stay.

Also, Debtor's opportunity to assert any defense or argument that the trustee's sale was invalid was no later than 5:00 p.m. mountain standard time of the last business day before the scheduled date of the sale. A.R.S. § 33-808(8). This was not done and this Court has already dismissed with prejudice Debtor's challenge to ownership in the Adversary Proceeding.

Debtor's request for an additional 30 days to object to Movant's MFR 3 should be denied as no cause was shown.

**B. Local Rule 4001-1(b) Does Not Apply To Occupants.**

Debtor argues that Movant failed to send a letter notifying him of Movant's intent to file a Motion for Relief as required by U.S. Bankruptcy Court, District of Arizona, Local Rule 4001-1(b). This rule only applies if a Movant intends to file a motion seeking relief as to the debtor's residence. The subject collateral property is not, nor cannot be Debtor's residence as the titled owner of the property is Movant, and Movant has not leased the property to Debtor. Debtor has been living in the property for over 5 years without submitting any form of payment to Movant. Debtor is simply using stall tactics with Movant and this Court to delay a forcible entry and detainer action.

Further, as this Court stated earlier in this case, failure to include the 4001-1(b) certification may affect the Movant's attorney's fees, but it does not warrant delay in resolution of the present matter.

/// /// ///

5

Case 2:12-bk-13564-PS    Doc 84    Filed 10/21/15    Entered 10/21/15 15:09:32    Desc
Main Document    Page 5 of 7

### III.  **Conclusion**

WHEREFORE, Movant prays as follows:

1. This Court deny Debtor's request for an extension to file an objection to Movant's pending Motion for Relief;

2. For an Order granting Movant's Motion for Relief;

3. For an Order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3);

4. For an Order binding and effective despite any conversion of this Bankruptcy proceeding; and,

5. For such other relief as this Court deems appropriate.

DATED this 21st day of October, 2015.

    /s/ Alex Schulz
Christina Harper, Esq.
Alex Schulz, Esq.
THE MORTGAGE LAW FIRM, PC
301 E. Bethany Home Road, #A-227
Phoenix, Arizona 85012
*Attorneys for Movant*

ORIGINAL filed by ECF and
COPIES of the foregoing were mailed
this 21st day of October, 2015, to:

Jonathan B. Woods
3930 E. Cody Ave
Gilbert, AZ  85234
*Debtor*

| | |
|---|---|
| 1 | Russell Brown |
| 2 | Chapter 13 Trustee<br>3838 N. Central Ave Ste. 800 |
| 3 | Phoenix, AZ  85012 |
| 4 | U.S. Trustee |
| 5 | Office of the U.S. Trustee<br>230 N. First Avenue, Suite 204 |
| 6 | Phoenix, AZ 85003-1706 |
| 7 | |
| 8 | /s/      Janette Belmontes |